**UNITED STATES of America,**
**Appellant,**

v.

**William P. JACK, Appellee.**

No. 85–3433.

United States Court of Appeals,
Third Circuit.

Oct. 11, 1985.

J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellant.

Thomas A. Livingston, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

The United States appeals from an order granting the motion of William P. Jack for a reduction of sentence. Jack moved for the reduction after the time permitted by Federal Rule of Civil Procedure 35(b) had expired, so the district court relied on 28 U.S.C. § 2255 (1982) in granting relief. We hold that in the circumstances of this case section 2255 did not authorize a reduction of Jack's sentence, and thus we reverse.

I.

In 1983 Jack pleaded guilty to three counts that charged violations of 21 U.S.C. § 841(a)(1) (1982), which prohibits the distribution of controlled substances. Before sentencing, Jack's counsel complained to

---

the district court that the offense severity rating of five set forth in the presentence report was improper because it took into account crimes beyond those to which Jack had pleaded guilty. The court ordered a recomputation of the severity rating, and the Probation Officer reduced it to four. He advised the court, however, that the Parole Commission could, when making parole decisions about Jack, consider information other than that reflected in the three counts to which he had pleaded guilty.

The district court sentenced Jack to a term of five years on Count I, to be followed by a special parole term of five years, and fined him $15,000. On Counts II and III it sentenced him to two terms of five years, which he was to serve concurrently with the first five-year term. Jack commenced serving his sentence on January 11, 1984. On March 19, 1984, he filed a Rule 35 motion to reduce his sentence, which, on March 29, 1984, the district court denied.

On May 31, 1984, the United States Parole Commission advised Jack that, because he had admitted to illegal distribution of 4,000 doses of dilaudid—even though he had pleaded guilty to distribution of only 400 doses of the drug—it had rated his offense behavior as category five severity and that such a rating required him to serve from twenty-four to thirty-six months of his sentence before the Commission would consider him eligible for parole. Jack appealed this decision to the Regional Commissioner, contending that the Commission had incorrectly calculated his offense severity rating when it had taken into account charges other than those to which he had pleaded guilty. The Regional Commissioner affirmed the Parole Commission's determination, and when Jack appealed to the National Appeals Board it, too, affirmed.

Thereafter Jack filed a motion in the sentencing court, requesting that it, pursuant to section 2255, reduce his sentence. He argued that in setting the offense severity rating at five the Parole Commission

had substantially and unconstitutionally distorted the sentencing process, had undermined the court's sentence, and had acted contrary to the Commission's own guidelines. On July 3, 1985, the district court granted Jack's motion, vacating the sentence on the ground that, by setting a severity rating of five instead of four, the Parole Commission had violated the court's order directing the Probation Officer to recompute that rating for the purposes of sentencing. This, the court held, deprived Jack of parole eligibility without due process of law.

On August 8, 1985, the district court resentenced Jack to concurrent sentences of two years on each count, with a five-year special parole term and a $15,000 fine. The United States appealed. This court granted its motion for a stay pending appeal and expedited the appeal.

II.

█ In *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1978), the Supreme Court held that section 2255 did not give a district court the requisite jurisdiction to modify a sentence simply because the Parole Commission's post-sentencing parole decision was inconsistent with that court's sentencing expectations. *See id.* at 190, 99 S.Ct. at 2243. As the Court put it, "[S]ubsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself." *Id.*

Jack contends that *Addonizio* is distinguishable because in that case there was no allegation that the sentencing judge had unconstitutionally relied on materially false information in imposing the original sentence. *See* Appellee's Brief at 9. He implies that the same happened in this case and that therefore the district court's actions were justified. *See id.* at 4 (discussing *United States v. Tucker*, 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d

592 (1972), in which the Supreme Court set aside a sentence based on materially false information). The difficulty with this argument is that Jack has not demonstrated that the district court relied on materially false information when it originally sentenced him. That court knew that the Parole Commission, when calculating the severity rating, could look beyond the facts alleged in the counts to which Jack pleaded guilty. As *Addonizio* makes clear,

> [T]he judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met.

442 U.S. at 190, 99 S.Ct. at 2243. Jack complains about the Parole Commission's actions, not those of the sentencing court. We reject his effort to categorize the attack as one on the validity of the sentence.

 *Addonizio* does not, of course, stand for the proposition that the actions of the Parole Commission are beyond judicial review. In that case the Court expressly refrained from reaching the validity of the Commission's actions. *See id.* But it does stand for the proposition that a section 2255 motion collaterally attacking a judgment long since final is not a vehicle available for such judicial review.[1]

### III.

Like the Supreme Court in *Addonizio*, we determine only that a section 2255 motion was inappropriate in this case. We do not reach the merits of the Parole Commission's actions. The orders vacating the original sentence and imposing a new sentence will be reversed.

---

1. As the government correctly points out, an appropriate vehicle for such review is an original habeas corpus petition, pursuant to 28 U.S.C. § 2241 (1982), in the district in which the petitioner is confined. *See United States v. Ferri,* 686 F.2d 147, 158 (3d Cir.), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1982); *Block v. Petter,* 631 F.2d 233, 235 n. 1 (3d Cir. 1980); *see also Zannino v. Arnold,* 531 F.2d 687, 689 n. 5 (3d Cir.1976). Jack is confined in Danbury, Connecticut.