**Vincent GRAHAM, Petitioner,**

**v.**

**Joseph BROOKS, Warden, and the Attorney General for the State of Delaware, Respondents.**

**No. CIV.A. 04–150–KAJ.**

United States District Court,
D. Delaware.

Nov. 1, 2004.

Vincent Graham, Petersburg, VA, Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE, for Respondents.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. INTRODUCTION

Petitioner Vincent Graham is currently incarcerated at the Federal Correctional Institute in Petersburg, Virginia. Currently before the Court is Graham's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2.) For the reasons that follow, I will dismiss his habeas petition.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Graham was incarcerated in federal prison, apparently awaiting trial for numerous counterfeiting charges.[1] *U.S.A. v. Graham*, No.93cr163–RK (E.D. Pa. filed 12/11/92). While he was in federal custody, it appears that Pennsylvania lodged a violation of probation detainer[2]

---

1. I have attempted to correctly recreate the sequence of Graham's other charges, convictions, and detainers from the limited historical records presented.

2. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

and Delaware lodged a detainer with respect to criminal charges pending in Delaware. (D.I. 2, Exh. F, Apr. 20, 1993 Commonwealth of Penn. Detainer; D.I. 41, Del.Super. Ct. Dkt. Items 1–5.) On March 18, 1994, the Eastern District of Pennsylvania sentenced Graham to forty-six months imprisonment and three years supervised release. *See U.S. v. Graham,* 1999 WL 395117 (E.D.Pa. May 26, 1999). Graham's term of federal supervised release was to begin after he finished serving his state sentences. *Id.*

Following the imposition of his federal sentence, Graham was extradited to Delaware, where, in November 1994, he entered a plea of guilty in the Delaware Superior Court to racketeering, forgery, and theft charges. (D.I. 41, Del.Super. Ct. Dkt. in *State v. Graham,* ID No. 93001726DI, Items 2–20.) The Delaware court sentenced Graham to an aggregate nine-years of incarceration, suspended after two years for seven years probation. (D.I. 41, TIS Sentencing Order in *State v. Graham,* ID No. 93001726DI.) His Delaware sentence was to run consecutively to his federal sentence. *Id.*

Graham remained in federal custody until his release on June 7, 1996, at which time he was transferred to Delaware's custody. *Graham,* 1999 WL 395117, at *1. Graham remained in Delaware's custody until May 22, 1997 when he was transferred to Pennsylvania pursuant to Pennsylvania's violation of probation detainer. (D.I. 41, Letter Order in *State v. Graham,* ID No. 93001726 (Del.Super.Ct. Aug. 20, 2003).) At the time of this transfer, Graham still had one year on the Level V portion of his Delaware sentence and a period of Delaware probation remaining to be served. *Id.*

Graham completed his term of Pennsylvania incarceration on November 19, 1999, (D.I. 43, Penn. Dep't of Corrs. Letter dated March 2, 2004), at which time he

began to serve his federal supervised release. (D.I. 2; D.I. 3.) However, on June 27, 2002, Graham's federal probation officer sought an arrest warrant based on Graham's violation of the terms of his federal supervised release. Graham was returned to federal custody on July 1, 2002, and he at his final revocation hearing on November 18, 2002, was found to have violated the terms of his supervised release. *See generally U.S.A. v. Graham,* No.93cr163–RK (E.D. Pa. filed 12/11/92); (D.I. 2; D.I. 3; D.I. 41, Defendant's Petition to Lift Capias Warrant/V.O.P. Detainer in *State v. Graham,* ID No. 93001726DI.) He will remain in federal prison until June 10, 2005. (D.I. 41, Letter Order in *State v. Graham,* ID No. 93001726DI (Del.Super.Ct. Aug. 20, 2003).)

In December 2002, Delaware probation officers filed a violation of probation ("VOP") report with the Delaware Superior Court. (D.I. 41, Super. Ct. Dkt. in ID No. 93001726DI—Items 26, 39, & June 23, 2003 Letter from Kelly Verdecchia, Probation/Parole Supervisor to the Honorable Peggy Abelman.) The Delaware Superior Court issued a capias warrant, which was lodged as a detainer against his federal sentence. (D.I. 43, Feb. 4, 2003 Letter from State of Del. Dept. of Justice; Feb. 12, 2003 Detainer Action Letter.) In April 2003, Graham filed a motion in the Delaware Superior Court to lift or vacate the capias/VOP detainer. (D.I. 41, Defendant's Pet. to Lift Capias Warrant/V.O.P. Detainer in *State v. Graham,* ID No. 93001726DI.) Graham also filed a motion for the appointment of counsel and a motion for the reduction of bail. (D.I. 41, Del.Super. Ct. Dkt. in ID No. 93001726DI, Items 40–41.) The Superior Court denied all three motions on August 20, 2003. (D.I. 41, *State v. Graham,* ID No. 93001726DI, Order (Del.Super.Ct. Aug. 20, 2003)); *see also In re Graham,* 856 A.2d 1066, 2004 WL 301094 (2004). Graham did

not appeal this order. (D.I. 1 at 4; *see generally* D.I. 41, Del.Super. Ct. Dkt. in *State v. Graham*, ID No. 93001726DI.)

In February 2004, Graham filed a petition for a writ of mandamus in the Delaware Supreme Court asking the state supreme court to order the Superior Court to determine his motion to lift the capias warrant. (D.I.45.) The Delaware Supreme Court dismissed Graham's mandamus petition as moot because the Superior Court had already denied his request on August 20, 2003. *In re Graham*, 856 A.2d 1066, 2004 WL 301094 (2004). The Delaware Supreme Court also explained that a state mandamus action could not be used as a substitute for a timely-filed appeal. *Id.*

In February 2004, Graham filed in this Court a form petition and supporting memorandum, presenting three claims for federal habeas relief pursuant to 28 U.S.C. § 2254:(1) he has been denied effective assistance of counsel with respect to his proceedings regarding the capias warrant/VOP detainer; (2) the state probation officer filed a false violation of probation report, thereby violating his Eighth Amendment rights; and (3) the Superior Court has not decided his April 2003 motion to lift the capias warrant/VOP detainer, thereby violating his due process rights. (D.I. 2 at 5–6.)

The State filed an Answer asking the Court to dismiss the petition because his ineffective assistance and Eighth Amendment claims are unexhausted, and his due process claim is moot. (D.I.39.) The United States filed an Answer on behalf of the warden, stating that a substantive response is not required because Graham's petition does not challenge any action performed by the warden or any other federal actor. Rather, the purpose of Graham's petition is to have the VOP detainer lifted or to have the state courts act on his motions regarding the detainer. (D.I.25)

The Answer also notes that Graham did not establish that this Court has personal jurisdiction over the warden. *Id.*

Graham filed a motion to amend his § 2254 petition, which the Court granted. (D.I. 20; D.I. 55.) Graham's amendment sets forth the relief he is requesting from this Court: (1) to dismiss the VOP detainer; (2) to reinstate the 18 months probation he violated; or (3) to instruct the Delaware Superior Court to lift the detainer and set a date for his VOP hearing after June 10, 2005. (D.I.20.)

The State filed a Supplement to its Answer, contending that Graham's amendment does not present any additional substantive grounds for relief. Instead, Graham "more fully details the relief he requests in his habeas proceeding." (D.I. 68 at 2.) The State reasserts its contention that "Graham is not entitled to federal habeas relief because the substantive claims are either moot or unexhausted." (*Id.*)

Graham filed a Response to the State's Supplement, asking the Court to consider the merits of his claims. (D.I. 20 at ¶¶ 17–19.) Graham's habeas petition is now ready for review.

## III. DISCUSSION

Graham filed his habeas petition pursuant to 28 U.S.C. § 2254, asking this Court to remove Delaware's VOP detainer or force the Delaware courts to lift the detainer. His first claim contends that he has been denied effective assistance of counsel during his challenge to the detainer in state courts, and he has also been denied effective assistance in preparing for his future VOP hearing. Graham's second claim asserts that the probation officer violated his Eighth Amendment rights by filing a false VOP report. Finally, Graham's third claim alleges that the Superior Court has not yet decided his motion to lift

the VOP detainer, thereby violating his due process rights.

### A. Graham's habeas petition should have been brought pursuant to 28 U.S.C. § 2241.

 Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Here, however, Graham is a federal prisoner currently incarcerated for violating his federal supervised relief, and he is not challenging a state court judgment. In fact, the Delaware Superior Court has not yet conducted a VOP hearing or rendered a final judgment on Graham's alleged violation of probation, and Graham's VOP hearing will not be held until he is returned to Delaware upon his release from federal prison. (D.I. 41, Letter Order in *State v. Graham*, ID No. 93001726 DI (Del.Super.Ct. Aug. 20, 2003)). By seeking relief prior to his VOP hearing in state court, Graham has essentially filed a pre-conviction federal habeas petition. Thus, because "federal habeas corpus [pursuant to 28 U.S.C. § 2254] is substantially a post-conviction remedy" for state prisoners, Graham has improperly filed his habeas petition pursuant to § 2254. *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir.1975).

Instead, Graham should have filed his habeas petition pursuant to 28 U.S.C. § 2241, which authorizes federal courts to issue the writ of habeas corpus to any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a court judgment is rendered. 28 U.S.C. § 2241(c)(3); *see Moore*, 515 F.2d at 442. For example, § 2241 permits a petitioner to seek pretrial relief on a speedy trial claim, *see Moore*, 515 F.2d at 442–45, and it has been construed to allow a petitioner held in one state to challenge a detainer lodged against him by another state. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Thus, I will consider Graham's *pro se* petition as being asserted under 28 U.S.C. § 2241.

 Treating Graham's under § 2241 presents a further jurisdictional issue. It is well-settled that a federal prisoner's § 2241 petition challenging his present physical confinement must be filed in the district of confinement because only a court located in the district of confinement has personal jurisdiction over the prisoner's custodian (i.e., the warden). *Rumsfeld v. Padilla*, — U.S. —, —, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004); *see United States v. Jack*, 774 F.2d 605, 607 n. 1 (3d Cir.1985). However, when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not "the person who [holds] him in what [is] alleged to be unlawful custody." *Braden*, 410 U.S. at 494–95, 93 S.Ct. 1123. In this scenario, the petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action.[3] *Rumsfeld*, — U.S. at —–—, 124 S.Ct. at 2719–20; *Braden*, 410 U.S. at 494–95, 93 S.Ct. 1123. Thus, I conclude that this Court has habeas jurisdiction

---

**3.** If, as the United States Attorney appears to imply, Graham's request for the court to "dismiss this violation of probation detainer, which would allow [him] to be placed into a halfway house, prior to his maximum release date," (D.I.20.), is a challenge to the manner in which his federal sentence is being executed, he must pursue this claim in the district of his confinement. *United States v. Jack*, 774 F.2d 605, 607 n. 1 (3d Cir.1985). However, after reviewing Graham's voluminous filings in this Court, I conclude that Graham is challenging the detainer itself, and his challenge to the execution of his federal sentence is "only incidental to the his basic challenge to the detainer." *Grant*, 505 F.2d at 1223.

over Graham's § 2241 petition because he is contesting his future confinement in Delaware.

Having established this Court's jurisdiction over Graham's § 2241 petition, I now apply the appropriate standards of review.

### B. Claims One and Two are Unexhausted

 The State contends that federal habeas relief is unavailable for claims one and two because Graham has failed to exhaust state remedies. Although § 2241 does not explicitly require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See Braden*, 410 U.S. at 489–92, 93 S.Ct. 1123; *Moore*, 515 F.2d at 442. For example, when a habeas petitioner is incarcerated in one state but challenges a detainer lodged by another state on speedy trial grounds, "habeas corpus relief [is] available only if the prisoner [has] exhausted the remedies available to him in the indicting state when seeking his right to a speedy trial on the underlying charges." *Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir.1974). In such situations, "there is no distinction [between § 2241 and § 2254] insofar as the exhaustion requirement is concerned." *Moore*, 515 F.2d at 442. Similarly, when a federal prisoner challenges a state detainer pursuant to § 2241, he must exhaust available administrative remedies provided by the Interstate Agreement on Detainers ("IAD") in the state lodging the detainer before he seeks federal habeas relief. *Grant*, 505 F.2d at 1223–24.

 Here, Graham is a federal prisoner, which would typically require the exhaustion of IAD remedies. However, the detainer Graham challenges is a violation of probation detainer, which does not come within the provisions of the IAD. *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)(Art. III of the IAD does not apply to detainers based on violation of probation charges); *see also Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)(federal parolee imprisoned for crime committed while on parole is not constitutionally entitled to immediate parole revocation hearing). Consequently, because Graham could not have exhausted the remedies provided by the IAD,[4] I conclude that the appropriate question here is whether Graham has exhausted state remedies.

 A federal habeas petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see Braden*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443. The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). Fair presentation requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

4. And, indeed, the record indicates that Graham did not pursue relief under the IAD.

■ However, when a petitioner raises a claim prior to his trial, he cannot exhaust state remedies in the traditional sense because he still can raise the claim on direct appeal after his conviction. *See Braden,* 410 U.S. at 489, 93 S.Ct. 1123; *Moore,* 515 F.2d at 443. In such circumstances, a federal court must determine whether the petitioner is attempting to enforce a state's constitutional obligation to bring him to trial, or whether he is trying to abort a state proceeding. *Braden,* 410 U.S. at 489–91, 93 S.Ct. 1123. If a petitioner is asking the state courts to enforce "the state's constitutional obligation to bring him promptly to trial," and he has "made repeated demands" of this request on the state courts, then the interests underlying the exhaustion requirement are satisfied, despite the fact that the petitioner has not yet been convicted. *Braden,* 410 U.S. at 489–90, 93 S.Ct. 1123. Federal habeas review will not be foreclosed on exhaustion grounds because "[a] federal habeas corpus action at this time and under these circumstances does not jeopardize any legitimate interest of federalism." *Id.* at 491–92, 93 S.Ct. 1123.

■ In contrast, when a petitioner is attempting to "abort a trial in the state courts" by seeking to dismiss pending state charges, to grant habeas review would be to permit premature litigation of constitutional defenses in federal court.[5] *Id.* at 493, 93 S.Ct. 1123. Consequently, federal habeas review is not available un-less the petitioner has exhausted state remedies and he makes "a special showing of the need for such adjudication" or he demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore,* 515 F.2d at 443–46; *see Braden,* 410 U.S. at 490–93, 93 S.Ct. 1123.

Graham seeks to have the Delaware detainer dismissed and have 18 months of probation imposed without any hearing. As such, he is trying to "derail ... a pending state proceeding," and federal habeas relief will only be available if Graham has exhausted state remedies or presents an "extraordinary circumstance" excusing his failure to exhaust state remedies. *Moore,* 515 F.2d at 443–46; *see Braden,* 410 U.S. at 490–93, 93 S.Ct. 1123. Here, the State correctly asserts that Graham has failed to exhaust state remedies. Even though Graham presented claims one and two to the Delaware Superior Court, he never appealed the Superior Court's denial of these claims. Further, Graham's petition for a writ of mandamus before the Delaware Supreme Court did not exhaust state remedies because it was not the correct state procedural method for challenging the Superior Court's decision.[6] *See Castille,* 489 U.S. at 351, 109 S.Ct. 1056.

Moreover, Graham has not demonstrated any extraordinary circumstances excusing his failure to exhaust state remedies. For example, his allegation that the VOP report contains an error regarding the beginning date of his violation does not con-

---

5. Indeed, it is even questionable whether a speedy trial claim asking for the pre-trial dismissal of a state's criminal charges is within the scope of relief permissible under § 2241. Although § 2241 authorizes a federal court to grant a habeas writ to a prisoner who is subjected to an unconstitutional detention, it does not permit federal courts to sit as " 'a pretrial motion forum for state prisoners.' " *Moore,* 515 F.2d at 445 (quoting *Braden,* 410 U.S. at 493, 93 S.Ct. 1123). However, this Court follows the Third Circuit's analysis in *Moore* where, after discussing the Supreme Court's warning against such pretrial motions, it proceeded to discuss exhaustion and the "extraordinary circumstances" exception to exhaustion.

6. The Delaware Supreme Court stated that "[t]o the extent Graham seeks review of the Superior Court's denial of his motion, the extraordinary writ process will not serve as a substitute for a timely-filed appeal." *In re Graham,* 856 A.2d 1066.

stitute an extraordinary circumstance warranting pre-hearing relief. Indeed, this allegation really goes to the heart of the VOP hearing: whether a violation actually occurred. Graham can raise this claim in his VOP hearing, and subsequently, in any appeal of that proceeding. Consequently, I will dismiss these two claims without prejudice for failure to exhaust state remedies.[7]

### C. Graham's Motion to Lift Capias Warrant and/or V.O.P. Detainer

Graham's third claim contends that the Superior Court has not yet decided his motion to lift the capias warrant and/or VOP detainer, thereby violating his right to due process. Specifically, he states that the Superior Court did not deny the motion to lift the capias warrant/VOP detainer on August 20, 2003, but rather, that it denied the application for the motion to be decided. He asks me to either order the Superior Court to lift the detainer, rule on the motion itself, or reinstate the 18 months probation. (D.I.20.)

There are two layers to this claim. Reading the claim literally, Graham appears to allege that the Superior Court's denial of his application to have the detainer motion ruled on did not constitute a denial of the actual motion to have the detainer lifted. He thus is asserting that the motion is still pending before the Superior Court.

Graham's assertion is spurious. The record clearly reveals that the Superior Court denied his motion to lift the capias/VOP detainer on August 20, 2003.[8] (D.I. 41, Letter Order in *State v. Graham*, ID No. 93001726DI (Del.Super.Ct. Aug. 20, 2003)). Thus, to the extent Graham's complaint is merely that the Superior Court has not yet decided the motion, I will dismiss this claim as moot. *See, e.g., Johnson v. Snyder*, Civ. A. No. 99–75–JJF (D.Del. Oct. 26, 1999) ("because the Superior Court addressed Petitioner's motion for correction of sentence by its May 1998 Order, the Court will dismiss the Petition as moot").

 To the extent Graham's claim asserts that the Superior Court should promptly convene a violation of probation hearing, I liberally construe this claim to allege a speedy trial issue.[9] The right to a speedy trial is guaranteed by the Sixth

---

**7.** Dismissal without prejudice, rather than staying the action pending exhaustion of state remedies, is appropriate because Graham's petition does not contain both exhausted and unexhausted claims. *Cf. Crews v. Horn*, 360 F.3d 146, 154 (3d Cir.2004)(holding that "district courts have the discretion to stay mixed habeas corpus petitions but that ... when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action"). Moreover, because Graham can still obtain future review in state courts, dismissing his habeas petition at this time "merely delays [habeas] consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir.1979) (citation omitted).

**8.** The Superior Court's Letter Order states, in pertinent part:

> You have filed pro se a "Motion for R.O.R. (sic)/or Unsecured Bail," an "Application for the Motion to Lift Capias Warrant/VOP Detainer to be DECIDED," and a Motion for Appointment of Counsel. All three **motions** are denied ... Not only is there Level V time remaining on your sentence, but you need to be returned to Delaware for a violation of probation hearing. The State of Delaware continues to believe that you are a flight risk for all of the reasons set forth in the probation officer's letter to you ...

Letter Order in *State v. Graham*, ID No. 93001726DI (Del.Super.Ct. Aug. 20, 2003) (emphasis added)

**9.** I am required to liberally construe *pro se* prisoner habeas petitions. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amendment of the United States Constitution, and it is enforced against the states under the Fourteenth Amendment. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..."); U.S. Const. amend. XIV; *Klopfer v. North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). However, the Supreme Court "has never held ... that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing ... [and] it is not clear that the purpose of vindicating a prisoner's constitutional right to a speedy trial is applicable at all in the context of probation-violation detainers." *Carchman v. Nash,* 473 U.S. 716, 731 n. 10, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

Federal courts in this circuit have repeatedly recognized that the right to a speedy trial does not apply to parole or probation revocation proceedings. *See Burton v. Delaware State Board of Parole,* 2002 WL 461329, at *2 (D.Del. Mar. 15, 2002); *Hayes v. Muller,* 1996 WL 583180, at *5 (E.D.Pa. Oct. 10, 1996)(collecting cases). Thus, to the extent Graham asserts the Superior Court has failed to provide him with a speedy VOP hearing, he has failed to assert a claim cognizable on federal habeas review.[10]

## D. Pending Motions

Graham has filed numerous motions in this Court. I have concluded that his habeas petition must be dismissed. As such, I will deny as moot the following motions:

(1) Third Motion for the Appointment of Counsel. (D.I.16.)

(2) Two Motions for Priority of Civil Actions. (D.I. 21; D.I. 65.)

(3) Motion to Execute the Motion for Priority of Civil Actions (D.I.28.)

(4) Motion for Discovery. (D.I.22.)

(5) Motion for Appointment of Essential Experts or Investigators or other Necessary Financial Assistance. (D.I.23.)

(6) Motion for Conditional Release, Release on Recognizance or Surety. (D.I.24.)

(7) Motion for Default Judgment against Joseph Brooks and the State of Delaware Attorney General. (D.I.30.)

(8) Motion to bar the Attorney General from applying for another Extension of Time to Answer Petition. (D.I.38.)

(9) Motion to Amend Motion for Default Judgment against Joseph Brooks and the State of Delaware Attorney General. (D.I.42.)

(10) Motion to Show Cause as to why the Petition for Writ of Habeas Corpus should be Granted. (D.I.43.)

(11) Motion for Leave to Submit Affidavit in support of Motion for the Court to Execute the Three Motion Requests for Appointment of Counsel. (D.I.46.)

(12) Motion to Compel Warden of Howard Young Correctional Institute to Produce Institutional Records. (D.I.51.)

---

10. Even if, arguendo, this claim does assert a constitutional violation, I would dismiss it as unexhausted. *See, e.g., McDowell v. Chesney,* 2004 WL 1376591, at *3 (D.Del. June 17, 2004). Although Graham has asked the state courts to lift the detainer and/or capias warrant, he has never asked the state courts to provide a faster VOP hearing. Further, he has not demonstrated any extraordinary circumstances excusing this failure to exhaust and warranting "pre-trial" interference.

(13) Motion to Compel Prothonotary to Produce Certified Copy of Guilty Plea Agreement. (D.I.52.)

(14) Motion for Leave to Incorporate the Rules of Arrest of Violation of Probation Conditions; Subsequent Disposition into the Record. (D.I.54.)

(15) Motion for an Evidentiary Hearing. (D.I.57.)

(16) Motion to Compel the Pennsylvania Board of Probation and Parole to Provide a Verified Statement or Affidavit that Petitioner Surrendered [sic] Their Philadelphia Office in May 1997. (D.I.59.)

(17) Motion to Ban the Attorney General from Requesting an Extension of Time. (D.I.66.)

(18) Motion for Judgment by Default. (D.I.70.)

(19) Motion for Expansion of Records. (D.I.83.)

## IV. CERTIFICATE OF APPEALABILITY

Finally, I must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Graham's habeas petition must be dismissed because his claims are unexhausted. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, I decline to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Graham's application for habeas relief is dismissed without prejudice. An appropriate Order shall issue.

## ORDER

At Wilmington, this 1st day of October, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Construing Petitioner Vincent Graham's application for the writ of habeas corpus to be asserted pursuant to 28 U.S.C. § 2241, it is DISMISSED WITHOUT PREJUDICE. (D.I.2.)

2. The following motions are DISMISSED as MOOT:

(1) Third Motion for the Appointment of Counsel. (D.I.16.)

(2) Two Motions for Priority of Civil Actions. (D.I. 21; D.I. 65.)

(3) Motion to Execute the Motion for Priority of Civil Actions (D.I.28.)

(4) Motion for Discovery. (D.I.22.)

(5) Motion for Appointment of Essential Experts or Investigators or other

Necessary Financial Assistance. (D.I.23.)

(6) Motion for Conditional Release, Release on Recognizance or Surety. (D.I 24.)

(7) Motion for Default Judgment against Joseph Brooks and the State of Delaware Attorney General. (D.I.30.)

(8) Motion to bar the Attorney General from applying for another Extension of Time to Answer Petition. (D.I.38.)

(9) Motion to Amend Motion for Default Judgment against Joseph Brooks and the State of Delaware Attorney General. (D.I.42.)

(10) Motion to Show Cause as to why the Petition for Writ of Habeas Corpus should be Granted. (D.I.43.)

(11) Motion for Leave to Submit Affidavit in support of Motion for the Court to Execute the Three Motion Requests for Appointment of Counsel. (D.I.46.)

(12) Motion to Compel Warden of Howard Young Correctional Institute to Produce Institutional Records. (D.I.51.)

(13) Motion to Compel Prothonotary to Produce Certified Copy of Guilty Plea Agreement. (D.I.52.)

(14) Motion for Leave to Incorporate the Rules of Arrest of Violation of Probation Conditions; Subsequent Disposition into the Record. (D.I.54.)

(15) Motion for an Evidentiary Hearing. (D.I.57.)

(16) Motion to Compel the Pennsylvania Board of Probation and Parole to Provide a Verified Statement or Affidavit that Petitioner Surrendered [sic] Their Philadelphia Office in May 1997. (D.I.59.)

(17) Motion to Ban the Attorney General from Requesting an Extension of Time. (D.I.66.)

(18) Motion for Judgment by Default. (D.I.70.)

(19) Motion for Expansion of Records. (D.I.83.)

3. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).