**UNITED STATES of America, Appellee,**

v.

**Howard C. KENNEDY, Appellant.**

**No. 87–3685.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 14, 1988.

Decided July 13, 1988.

Patrick J. Thomassey, Monroeville, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Before HUTCHINSON, SCIRICA and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Howard C. Kennedy appeals an order of the district court reducing his sentence for tax evasion and drug trafficking from 15 to 7 years pursuant to a Fed.R.Crim.P. 35(b) motion. He argues that the district court erred in refusing to reduce his sentence to time served and that the United States Parole Commission (Parole Commission) impermissibly relied on immunized testimony in increasing his minimum sentence before parole. Kennedy's challenge to the parole determination was not within the jurisdiction of the district court. Insofar as Kennedy questions the district court's exercise of its discretion to reduce his sentence under a properly filed Rule 35(b) motion, we find no abuse of discretion. Therefore, we will affirm the order of the district court.

Appellant Kennedy is a federal prisoner incarcerated in Seagoville, Texas. On December 13, 1984, he pleaded guilty in the United States District Court for the Western District of Pennsylvania to an indictment alleging violations of 21 U.S.C.A. § 841(a)(1) (West 1981) and 26 U.S.C.A. § 7201 (West Supp.1988).[1] The guilty plea was entered pursuant to an agreement whereby Kennedy promised to fully cooperate with the Internal Revenue Service and the Drug Enforcement Agency in a number of investigations undertaken by these agencies. In consideration of Kennedy's cooperation and testimony, the government promised not to charge him with any addi-

---

1. The indictment charged appellant, pursuant to 21 U.S.C.A. § 841(a)(1), with knowingly and intentionally possessing with intent to distribute and distributing a quantity of cocaine. 26 U.S.C.A. § 7201 makes unlawful a willful attempt to defeat or evade income tax.

tional crimes and agreed to advise the sentencing court of the value of his continued cooperation. On January 28, 1985, the district court sentenced Kennedy to 15 years imprisonment, followed by a special parole term, on the drug offense. A five year concurrent sentence was imposed on the tax evasion charge. A Rule 35(b) motion was filed on March 1, 1985. Apparently, the district court indicated that it would rule on this motion for reduction of sentence once the extent and value of Kennedy's cooperation could be determined.

Kennedy's first evaluation before the Parole Commission led to a determination that the offenses to which he had pleaded guilty fell within the "severity of offense behavior category" 5. *See* 28 C.F.R. § 2.20 (1987). Under the parole release guidelines, Kennedy would have been eligible for parole in 24 to 36 months. *Id.*[2] After Kennedy fully cooperated with the government's ongoing investigations, the Parole Commission, on September 22, 1987, increased his offense severity rating to an 8. The greater offense rating precluded Kennedy from seeking parole until "100 plus" months of his term of imprisonment had been served. He claims that the heightened offense severity score is improperly based on the immunized testimony given in satisfaction of the plea bargain.

■ On September 29, 1987, one week after the Parole Commission's ruling, the district court held a hearing on the motion to reduce the sentence. Kennedy sought to have the sentence reduced to time already served. The prosecutor did not challenge the representations of Kennedy's counsel as to the scope and value of Kennedy's assistance to the government in a number of criminal prosecutions. Kennedy also argued before the district court that the Parole Commission impermissibly relied on immunized testimony to increase his of-

fense severity score to the maximum rating. The district court, after considering Kennedy's cooperation, agreed to reduce his sentence from 15 to 7 years under Fed.R.Crim.P. 35(b).[3] The district court expressed no opinion on the propriety of the Parole Commission's actions. The net effect of the Parole Commission's re-evaluation of the offense rating insured that Kennedy, despite his cooperation with the government, would serve the full seven years of the district court's reduced sentence instead of being eligible for parole from the original 15 year sentence in only 24 to 36 months.

■ Kennedy argues that the district court erred in failing to hold that the Parole Commission impermissibly relied on immunized testimony when it recalculated his offense severity score and thereby required that he serve his seven year sentence to expiration. This argument is advanced in the wrong forum. A challenge to the Parole Commission's execution of a sentence is properly raised in a *habeas corpus* petition under 28 U.S.C.A. § 2241 (West 1971). *United States v. Ferri*, 686 F.2d 147, 158 (3d Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). Such a petition is brought in the district where the prisoner is confined. *United States v. Jack*, 774 F.2d 605, 607 n. 1 (3d Cir.1985); *Ferri*, 686 F.2d at 158. Since Kennedy is imprisoned in Texas, this claim should be brought in the district court with jurisdiction over the warden responsible for Kennedy's confinement. We note that two courts of appeals have held that the Parole Commission may be considered a *habeas corpus* petitioner's "custodian" for purposes of determining the jurisdiction within which a 28 U.S.C.A. § 2241 petition may be brought. *See, e.g., Dunn v. United States Parole Comm'n*,

---

**2.** Kennedy's salient factor score was determined to be a 9. *See* 28 C.F.R. § 2.20 (1987). The record does not include the Parole Commission's "notice of action" indicating Kennedy's parole status when he began serving his sentence. We have relied upon counsel's representations in appellant's brief as to Kennedy's initial classification. *See* Appellant's Appendix at

24A. The record does include the September 27, 1987 report.

**3.** To the extent, if any, that Kennedy challenges the district court's failure to reduce the sentence under Rule 35(b) to time served, we hold that the new sentence was within the discretion of the district court. *See United States v. Smith*, 839 F.2d 175, 179–81 (3d Cir.1988).

818 F.2d 742, 744 (10th Cir.1987) (per curiam); *Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir.1977). However, questions have arisen as to whether these cases have been correctly decided. *Ferri* and *Jack* indicate that the law of this Circuit is that the warden of the prison within which the federal prisoner resides is the proper "custodian" under 28 U.S.C.A. § 2241.[4] The wisdom of this approach has been cogently stated by the Second Circuit:

> [I]t would stretch the meaning of the term beyond the limits thus far established by the Supreme Court to characterize the Parole Board as the "custodian" of a prisoner who is under the control of a warden and confined in a prison, and who is seeking, in a habeas corpus action, to be released from precisely that form of confinement. At that point the prisoner's relationship with the Parole Board is based solely on the fact that it is the decision-making body which may, in its discretion, authorize a prisoner's release on parole.

*Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir.1976). Moreover, Kennedy must exhaust his administrative remedies before the Parole Commission before he is eligible for *habeas corpus* relief. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir.1981). *See also United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir.1986) (per curiam).

The judgment of the district court will be affirmed.

---

**4.** We note our recent decision in *Bennett v. Soto,* 850 F.2d 161 (3d Cir.1988), where we held that a prisoner incarcerated in the Federal penitentiary in Lewisburg, Pennsylvania may bring a § 2241 *habeas corpus* action against the Virgin Islands Board of Parole in the Virgin Islands District Court. *Bennett* falls into the limited class of cases where a parole board may properly be considered a custodian when it acts on a prior conviction unrelated to custody by the warden on petitioner's current sentence. *Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2d Cir.1976).