**Matthew FAULKNER, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.**

No. 99–CV–3228.

United States District Court, E.D. Pennsylvania.

Aug. 15, 2002.

---

Matthew Faulkner, Graterford, PA, for Pro se.

John O. J. Shellenberger, III, Office of the Attorney General, Philadelphia, PA, for Respondent.

## EXPLANATION AND ORDER

BRODY, District Judge.

Matthew Faulkner ("petitioner" or "Faulkner") timely filed a petition for federal habeas corpus relief on June 25, 1999, after his petition for habeas relief to the Supreme Court of Pennsylvania was summarily denied. The case was referred to Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R & R"). On September 15, 1999, Judge Rapoport issued his R & R, recommending that Faulkner's petition for federal habeas corpus relief be denied. On October 6, 1999, Faulkner filed objections to the R & R. Faulkner raises four objections to Judge Rapoport's R & R. Petitioner claims that: (1) as he does not contest the determination that he violated his parole, he was not required to exhaust administrative remedies; (2) since the Pennsylvania Supreme Court accepted jurisdiction over his claims, he has exhausted his state court remedies; (3) respondent and the Department of Corrections improperly failed to award petitioner credit for time served; and (4) he is being illegally detained under a sentence that should have expired prior to his present incarceration.

In accordance with 28 U.S.C. § 636(b)(1)(C), I must make a de novo determination of the portions of the R & R to which Faulkner objects. Because the background and procedural history of the case have been included in the R & R, there is no need to repeat them here. While I agree with Judge Rapoport's conclusion that petitioner failed to exhaust state remedies, clear Third Circuit precedent demonstrates that the habeas petition does not raise a federal constitutional question. Therefore, I shall exercise my discretion under 28 U.S.C. § 2254(b)(2) and deny the habeas petition on its merits, notwithstanding petitioner's failure to exhaust state remedies.

### Exhaustion Under § 2241

■ In his habeas petition, Faulkner does not contest the determination of the Board of Probation and Parole ("the Board") that he violated his parole; instead, he challenges the Board's recalculation of his maximum sentence. Sentence recalculations are a facet of the execution of the sentence, rather than the imposition of the sentence. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir.1988). A habeas corpus petition challenging the execution of an inmate's sentence is cognizable under 28 U.S.C. § 2241. See id. (recognizing that 28 U.S.C. § 2254 is limited to those claims which arise from the imposition of the sentence as distinguished from claims arising from the execution of the sentence). See also Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001).

■ The requirement that a federal habeas petitioner exhaust all available state remedies is meant to ensure that, as a matter of comity, federal courts do not consider a claim in a federal habeas petition until after the state courts have had an opportunity to act. See Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The petitioner must afford the state a full and fair opportunity to address and resolve each claim on the merits. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir.1999); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

■ Although § 2241 does not explicitly include an exhaustion provision, the Third Circuit has consistently required exhaustion of claims brought under § 2241. See

*Coady,* 251 F.3d at 488; *Callwood v. Enos,* 230 F.3d 627, 634 (3d Cir.2000); *Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir.1986); *Arias v. U.S. Parole Comm'n,* 648 F.2d 196, 199 (3d Cir.1981). The Third Circuit has relied upon principles of comity and federalism in extending the exhaustion requirement codified in 28 U.S.C. § 2254 to claims brought under § 2241. *See Coady,* 251 F.3d at 488; *Schandelmeier,* 819 F.2d at 53.

## Petitioner Failed to Properly Exhaust State Remedies

Petitioner asserts that he has exhausted available state remedies by filing a petition for writ of habeas corpus ad subjeciendum in the Pennsylvania Supreme Court. On October 28, 1998, Faulkner filed a habeas petition against respondents in the Supreme Court of Pennsylvania, he also appealed for leave to file original process in said court, pursuant to 42 Pa.C.S. §§ 721 and 726. On January 29, 1999, the Supreme Court of Pennsylvania asserted original jurisdiction over Faulkner's habeas petition and, in the same order, summarily denied petitioner's request for habeas relief. Faulkner argues that this was sufficient to exhaust state remedies.

■ Petitioner's petition for writ of habeas corpus ad subjeciendum is the proper procedural device for challenging illegal confinement in the Pennsylvania state courts. *See Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287, 1291 (1983). Indeed, the Pennsylvania Supreme Court has held that this writ is "particularly suited to the wrong alleged in this case, illegal detention resulting from an incorrect computation of appellant's sentence by prison officials." *Id.* A petition for writ of habeas corpus ad subjeciendum is properly brought "in the court which initially imposed the sentence." *Id.* When an inmate files a writ of habeas corpus ad subjeciendum directly in the Pennsylvania Supreme Court, that court has held that the proper remedy is to dismiss the writ without prejudice to refiling with the sentencing court, as the sentencing judge is in the best position to resolve disputes about the sentence. *See id.*

■ In this case, Faulkner filed his petition for writ of habeas corpus ad subjeciendum in the Pennsylvania Supreme Court. This deprived the sentencing court of the opportunity to make an initial determination as to whether the maximum sentence recalculation was proper. By ignoring the clear instructions of the Pennsylvania Supreme Court in this manner, petitioner failed to exhaust the remedies available to him in state court.

## Failure to Raise a Federal Constitutional Claim

■ While a failure to exhaust state remedies generally precludes consideration of the merits of a federal habeas petition, in some circumstances a federal district court may deny a habeas petition on the merits, notwithstanding a failure to exhaust. *See* 28 U.S.C. § 2254(b). A district court may deny a petition on the merits, rather than requiring complete exhaustion, if it appears unequivocally that the petitioner has not raised a colorable federal claim. *See Lambert v. Blackwell,* 134 F.3d 506, 514–15, 517 (3d Cir.1997); *Evans v. Court of Common Pleas,* 959 F.2d 1227, 1231 (3d Cir.1992).

■ The central claim in Faulkner's habeas petition is that the Pennsylvania Board of Parole incorrectly recomputed the maximum release date on his 1971 murder conviction. Respondent replies that it correctly applied the relevant statutory provision in recomputing petitioner's maximum release date. The applicable provision states, in relevant part, that when a parolee commits a crime punisha-

ble by imprisonment during the period of parole, he

> [M]ay, at the discretion of the [Board of Parole], be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

61 P.S. § 331.21a(a). The Third Circuit has expressly adopted a district court holding that "[n]o [federal] constitutional questions is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." *United States ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir.1966) (expressing "complete accord" and affirming opinion of district court in *United States ex rel. Heacock v. Myers*, 251 F.Supp. 773, 774 (E.D.Pa.1966)). The statutory provision addressed by the *Heacock* court is identical to the one under which Faulkner's maximum sentence was recalculated. *See* 61 P.S. § 331.21a(a).

In light of this binding precedent, it is clear that the claims in Faulkner's habeas petition are solely the province of state law. As Faulkner has raised no colorable federal claim, I exercise my authority under 28 U.S.C. § 2254(b)(2) and deny his federal habeas petition on the merits. An appropriate order follows.

### ORDER

**AND NOW**, this day of August, 2002, upon consideration of the petition for writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and the objections filed by petitioner, it is **ORDERED** that:

> (1) The facts and procedural history, as set out in the Report and Recommendation are **APPROVED** and **ADOPTED**.

(2) Based upon the conclusions of law as set forth in the R & R, and as supplemented in this memorandum, the Petition for Writ of Habeas Corpus (Docket Entry # 1) is **DENIED** and **DISMISSED**.

(3) There is no probable cause to issue a certificate of appealability.