

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2006

# USA v. Doe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Doe" (2006). *2006 Decisions*. Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3972

UNITED STATES OF AMERICA

v.

JOHN DOE,
                    Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00380)
District Judge: Hon. James T. Giles

Argued: September 27, 2006

Before: MCKEE and AMBRO, Circuit Judges and
RESTANI*, Judge

(Filed October 16, 2006)

OPINION OF THE COURT

Jerry S. Goldman, Esq. (**Argued)**
Jerry S. Goldman & Associates
1500 John F. Kennedy Boulevard
Two Penn Center Plaza, Suite 1411
Philadelphia, PA 19102
        *Attorney for Appellant*

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade,
sitting by designation.

Roberta Benjamin, Esq. **(Argued)**
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
    *Attorney for Appellee*


PER CURIAM

The Petitioner appeals the district court's denial of his Motion to Vacate, Set Aside, or Correct the Sentence that he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the appeal will be dismissed.

Inasmuch as we are writing only for the parties who are familiar with this litigation, we need not repeat the factual or procedural background. Doe's claim arises from the manner in which time served on his state sentence for a violation of probation was credited to his federal sentence. Accordingly, despite his attempt to frame his argument as an attack on the constitutionality and legality of his federal sentence, he is clearly challenging the execution of his federal sentence, not its legality. Accordingly, his petition should have been filed pursuant to 28 U.S.C. § 2241. *See United States v. Kennedy*, 851 F.2d 689, 690 (3d Cir. 1988). As noted above, he seeks relief under § 2255.

A petition under § 2241 must be filed with the federal district court where a prisoner is incarcerated, not where he/she was originally sentenced. *Id.* Although counsel has represented that Doe is currently in the Eastern District of Pennsylvania, it is not disputed that he was not incarcerated there when he filed the instant habeas petition. Rather, he was then incarcerated in North Carolina.

Moreover, a prisoner seeking habeas relief under 28 U.S.C. § 2241 must exhaust administrative remedies before petitioning the district court. *See Kennedy*, 851 F.2d at 691. Petitioner did not exhaust the administrative remedies available to him before filing the instant petition for habeas relief. Accordingly, neither this court, nor the District Court for the Eastern District of Pennsylvania, has subject matter jurisdiction to hear Petitioner's challenge to his federal sentence, and we will therefore dismiss his appeal for lack of jurisdiction.

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.