CLD-279                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2602
_____

DERREK E. ARRINGTON,
                                        Appellant

v.

WARDEN BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-00426)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012
Before:  RENDELL, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: September 18, 2012)
_____

OPINION
_____

PER CURIAM

    Derrek Arrington, a federal prisoner proceeding pro se and in forma pauperis,

appeals the dismissal of his habeas corpus petition.  We will affirm.

    Arrington was indicted in the United States District Court for the District of

Columbia in connection with an assault on United States Park Police officers.  He was

charged, inter alia, under 18 U.S.C. § 111(a)–(b), 18 U.S.C. § 922(g), and 18 U.S.C. § 924(a)(2), and was found guilty of those charges after a jury trial. See D.D.C. Crim. No. 1:00-cr-00159. On May 18, 2001, District Judge James Robertson sentenced Arrington to 240 months of imprisonment, followed by "supervised release for a term of three years on *each count consecutively* for a total of six years" (emphasis added). Judge Robertson's judgment order also reflected the 240-month period of incarceration followed by two consecutive three-year terms of supervised release.

Arrington's attempts to challenge his conviction met with no success. On direct appeal, he argued that "the district court gave erroneous jury instructions regarding the elements of both the [18 U.S.C. § 111](a) and (b) offenses, and second, that the evidence presented at trial was insufficient to support his conviction for the (b) offense." United States v. Arrington, 309 F.3d 40, 44 (D.C. Cir. 2002). The Court of Appeals disagreed, affirming the District Court's judgment. Id. at 49. Arrington then filed a motion to vacate under 28 U.S.C. § 2255, "asserting errors by the trial court, ineffective assistance of counsel, the failure of the . . . trial judge to recuse himself, and prejudice caused by juror misconduct"; he also invoked United States v. Booker, 543 U.S. 220 (2005), which was decided after his conviction became final. See Arrington v. United States, No. 00-0159, 2007 U.S. Dist. LEXIS 31078, at *1 (D.D.C. Apr. 26, 2007). The District Court denied relief, see id. at *8, and the Court of Appeals declined to grant a certificate of appealability, see C.A. No. 08-3005 (order entered July 23, 2008). Significantly, in neither his direct appeal nor his § 2255 motion did Arrington raise questions about the

2

validity of his term of supervised release.

In 2012, while incarcerated at the United States Penitentiary in Lewisburg, Arrington filed this 28 U.S.C. § 2241 habeas corpus petition in the Middle District of Pennsylvania. He indicated that he was challenging both how his "sentence [wa]s being carried out, calculated, or credited" as well as "[t]he validity of [his] conviction or sentence as imposed." See Pet. ¶ 5, ECF No. 1. Arrington argued that the "judg[]ment and committal as well as [the] sentencing transcripts" reflected a "lack of clarity as to how each count of conviction should be executed by law." Pet. ¶ 13(a). Arrington also emphasized that his "sentence and supervise[d] release ha[d] been executed illegally." Arrington raised several additional arguments in his traverse, suggesting that his 240-month sentence of incarceration was itself illegal and that he was resorting to § 2241 because a 28 U.S.C. § 2255 motion was "inadequate and ineffective" to challenge his illegal detention. See Traverse 4–5, ECF No. 7. The District Court dismissed the petition, and Arrington timely appealed. We have jurisdiction under 28 U.S.C. § 1291, conducting plenary review of the District Court's legal conclusions and reviewing its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).[1]

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

---

[1] A certificate of appealability is not required. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000).

violation of the Constitution" or federal law. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 motions are filed in the sentencing court, which in this case would be the District Court for the District of Columbia. See 28 U.S.C. § 2255(a). Petitions for writs of habeas corpus under § 2241, by contrast, are of far narrower scope; subject to certain limited exceptions discussed *infra*, federal prisoners may proceed via § 2241 when they challenge only the execution, rather than the validity, of their sentences. See McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). We have recently explained that, in this context, a prisoner attempting to contest the "execution" of his sentence under § 2241 must allege that the conduct of the custodial entity was "somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). A § 2241 petition is properly brought in the district where the prisoner is confined. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988).

In his petition and traverse, Arrington clearly challenged the actual sentence imposed by the District Court, both with regard to his term of incarceration and his term of supervised release. His attacks have greater than usual resonance, for all parties agree that the sentencing court plainly erred by imposing consecutive periods of supervised release. See 18 U.S.C. § 3624(e); United States v. Refert, 519 F.3d 752, 759 (8th Cir. 2008); United States v. Danser, 270 F.3d 451, 454 (7th Cir. 2001). But as explained above, § 2241 is not the appropriate vehicle for modifying the judgment of the sentencing court. Cognizant of this impediment to relief, Arrington argues that his petition should

4

nevertheless be heard under the "savings clause" exception of 28 U.S.C. § 2255(e), which allows for federal prisoners to challenge their actual convictions and sentences via a § 2241 petition when a motion to vacate under § 2255 would be "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, the mere fact that "the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255" does not make § 2255 inadequate. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Arrington had multiple opportunities to challenge his sentence, and any errors inherent in the District Court's judgment would have been plain at the time it was imposed; they have not arisen from "intervening change[s] in the law nor any extraordinary circumstances." Id.; see also Gilbert v. United States, 640 F.3d 1293, 1307–08 (11th Cir. 2011) (en banc) ("Assuming that a sentencing guidelines error that resulted in a longer sentence may be remedied in a collateral proceeding, the reason Gilbert cannot obtain relief through a § 2255 motion now is that he unsuccessfully filed one earlier . . . and § 2255(h) expressly bars him from filing another one."), cert. denied, 132 S. Ct. 1001 (2012). Accordingly, relief under the § 2255 savings clause was properly denied.

Construing this petition as an attack on solely the execution of Arrington's terms of confinement and supervised release, we detect no error in the sentence as currently calculated. The relevant bodies have acted in accordance with the commands given by the sentencing court, and have credited Arrington with the appropriate time served.

5

Moreover, it appears from the record that the Probation office is aware of the problem with the imposed term of supervised release.[2] No further relief is warranted.

Because we conclude that no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Arrington's motion for appointment of counsel is denied.

_____

[2] We should also note that Arrington filed a counseled Fed. R. Crim. P. 36 motion in the District of Columbia several months before commencing this pro se habeas corpus petition. The Government conceded the error in sentencing, but argued that there was no procedure by which the District Court could, after such a substantial passage of time, correct the error, in part because the mistake was not "clerical" under Rule 36. The District Court agreed with the Government, concluding that, "[r]egardless of the merits of [Arrington's] legal argument, this Court is without authority to correct [his] sentence." See United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002) (courts lack "inherent authority" to modify a sentence outside of the ambit of relevant statutes and rules). The District Court strongly suggested, however, that it would seriously consider a future motion filed pursuant to 18 U.S.C. § 3583(e)(1), which would allow it to discharge portions of the imposed term of supervised release "after the expiration of one year of supervised release." See also Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the authority to modify [a] term of supervised release."). By this method, the District Court would be able to functionally correct Arrington's time under supervised release to the period authorized by statute.