GLD-022                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2690
_____

UNITED STATES OF AMERICA

v.

ROBERT DOWLING, Appellant
_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Crim. No. 07-cr-00044-001)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2012

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed : November 28, 2012)
_____

OPINION
_____

PER CURIAM.

Robert Dowling entered a plea of guilty in the District Court for the Virgin Islands

to a charge of simple possession in violation of 21 U.S.C. § 844.  See D.V.I. Crim. No.

07-cr-00044.  In an amended sentencing judgment entered October 27, 2011, the District

Court sentenced Dowling to be imprisoned for a total term of

> 8 months to be served consecutively to his 81 months
> sentence in criminal #2005-031.   His sentence in criminal
> #2005-31 and criminal #20[0]7-0044 are to run concurrently
> with his sentence in criminal #2000-016.  The defendant is to
> receive credit for time served on sentence in criminal #05-
> 0031 for the period of 4/21/05–7/3/2005 and March 30, 2007.

Docket #129, D.V.I. Crim. No. 07-cr-00044.

Dowling is confined at FCI-Morgantown in West Virginia.  In April 2012, he filed in the District Court for the Virgin Islands a pro se pleading titled "Motion to Enforce Sentence Imposed."  According to Dowling, the Bureau of Prisons ("BOP") has calculated his sentence as having a projected release date in July 2015, whereas Dowling believes that, to comply with the terms of the District Court's sentencing judgment, he must be released from custody in June 2013.[1]  Dowling asked the District Court to order the BOP to recalculate his release date.

The government opposed Dowling's motion, arguing, inter alia, that Dowling's challenge to the BOP's sentence computation must be brought in a habeas corpus petition under 28 U.S.C. § 2241.  The District Court agreed and dismissed Dowling's motion.  It explained that, because Dowling disputes the BOP's computation of his term of imprisonment, his motion is properly characterized as a challenge to the execution of his sentence under § 2241.  Further, because Dowling is confined in West Virginia, the District Court for the Virgin Islands lacks jurisdiction over his petition.  The District

---

[1] Dowling relied upon the Court's original sentencing judgment rather than its amended judgment in making the argument presented in his "Motion to Enforce Sentence."  We will assume that Dowling would make the same argument regarding calculation of his release date under the terms of the amended judgment, which was entered to correct a clerical mistake in the original judgment.

2

Court added that Dowling appeared not to have fully exhausted administrative remedies with the BOP prior to filing suit. Dowling timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. "We review *de novo* the District Court's dismissal of a habeas petition on jurisdictional grounds." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

We agree with the District Court that Dowling's pro se motion is properly treated as a § 2241 habeas petition. Where, as here, a defendant attacks the BOP's calculation of the sentence as "somehow inconsistent with a command or recommendation in the sentencing judgment," id. at 537, the claim is properly pursued in a § 2241 proceeding. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."); Rios v. Wiley, 201 F.3d 257, 270 (3d Cir. 2000) (holding that § 2241 relief was warranted in light of "the BOP's failure to implement the sentence imposed by the sentencing court"); see also Soyka v. Alldredge, 481 F.2d 303, 304 (3d Cir. 1973) (explaining that § 2241 is the proper vehicle where the "essence of [the] petition involves the computation of time served on [petitioner's] sentence").

A petition under § 2241 "is brought in the district where the prisoner is confined." United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); see Burkey, 556 F.3d at 146 (same). Dowling is confined at FCI-Morgantown, and the judicial district encompassing that institution is the Northern District of West Virginia. The District Court for the Virgin Islands, therefore, properly declined to exercise jurisdiction over Dowling's

habeas petition.  Dowling must seek relief in the appropriate district court.

Because Dowling's appeal presents no substantial question, <u>see</u> 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order.