BLD-052                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2508
_____

UNITED STATES OF AMERICA

v.

OLIVER A. MOREL,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 06-cr-00666-001)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2012

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2012)
_____

OPINION
_____

PER CURIAM.

On January 16, 2008, the United States District Court for the Eastern District of

Pennsylvania sentenced Oliver A. Morel to 168 months in prison following his plea of

guilty to two drug distribution offenses.  The District Court recommended in its Judgment

that Morel's "state court time shall run concurrently with his federal time." In 2011, the District Court corrected the Judgment to provide that Morel's "federal time shall run concurrently with his state court time."

Morel is presently housed at FCI-Elkton in Ohio. In 2012, he filed a pleading titled "Petition for a 'Nunc Pro Tunc' Order," asking the sentencing court to direct the Bureau of Prisons (BOP) to credit his federal sentence with time spent in state custody before the sentence was imposed, in order to comport with the terms of the Judgment. In particular, Morel sought credit for the period of August 22, 2006, when he was sentenced in a Pennsylvania state case, to January 15, 2008, the day before he was sentenced for the federal offenses. After the government filed a detailed response in opposition, the District Court summarily denied the "Petition for a 'Nunc Pro Tunc' Order." Morel timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291.[1] We will summarily affirm because this appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. LAR 27.4 and I.O.P. 10.6.

As the government correctly explained in its response before the District Court, Morel must raise his challenge to the BOP's execution of the federal sentence in a habeas

---

[1] The District Court also entered a subsequent order in which it "granted" Morel's timely reconsideration motion while again summarily denying his "Petition for a 'Nunc Pro Tunc' Order." See Docket # 63. Because this subsequent order served only to reaffirm the denial of relief, we view the order as having the effect of an order denying reconsideration. We lack jurisdiction to review this subsequent order because Morel did

2

corpus petition under 28 U.S.C. § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."); see also Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (holding that § 2241 is the proper vehicle where, as here, the defendant alleges "that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment"). Consequently, after exhausting available administrative remedies, Morel can challenge the BOP's alleged failure to credit time toward his federal sentence by filing a § 2241 petition in the judicial district of his confinement, which currently is the District Court for the Northern District of Ohio. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988).

In short, because the District Court for the Eastern District of Pennsylvania properly dismissed Morel's "Petition for a 'Nunc Pro Tunc' Order" inasmuch as it lacked jurisdiction to entertain the claim presented, we will affirm the District Court's order.

---

not file a new or amended notice of appeal following its entry. See Fed. R. App. P. 4(a)(4)(B)(ii).