PS5-044                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2887
_____

RONALD RICHARD SMITH,
                                    Appellant

v.

UNITED STATES PAROLE COMMISSION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-00892)
District Judge:  William J. Nealon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 28, 2015
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Ronald Richard Smith appeals the order of the District Court denying his request

for habeas corpus relief.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In 1982, Smith was sentenced to prison for 18 years for bank robbery and escape. While he was on parole from that sentence, he was arrested for and convicted of a second bank robbery. The United States Parole Commission ("Commission") issued a warrant charging Smith with violating the conditions of his parole, and that warrant was lodged as a detainer while Smith served the sentence from the second bank robbery conviction.

Once Smith completed that sentence, his parole was revoked, and he was ordered to serve 133 months in prison. Smith was reparoled in 2003. However, in 2006, he was again arrested and charged in connection with yet another bank robbery. The Commission again issued a warrant, charging Smith with violating the conditions of parole from his 1982 conviction. That warrant was lodged as a detainer while Smith completed his prison sentence from the third bank-robbery conviction.

On February 5, 2014, Smith completed that sentence and was taken into custody on the Commission's warrant. On May 22, 2014, about two weeks after the ninety-day period prescribed in 18 U.S.C. § 4214(c), the Commission held a revocation hearing. The Commission found that Smith violated the conditions of his parole from his 1982 conviction when he robbed a bank, and the Commission ordered that he remain in prison until his original sentence expired.

Smith, proceeding pro se, filed a petition for a writ of audita querela, which the District Court treated as a petition for habeas corpus. Smith claimed that he was entitled

constitute binding precedent.

2

to immediate release from prison because the Commission violated 18 U.S.C. § 4214(c) when it failed to conduct his parole revocation hearing within 90 days after he was taken into custody.

The District Court dismissed Smith's petition because Smith failed to show, as the law required, that the brief delay prejudiced Smith. Smith timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the decision to grant or deny a habeas petition.[1] See Fowler v. U.S. Parole Comm'n, 94 F.3d 835, 837 (3d Cir. 1996).

It is undisputed that the hearing was not held within ninety days after the warrant was executed as required by 18 U.S.C. § 4214(c).[2] The statute's legislative history explains that the remedy for such a violation is mandamus action to compel a hearing, not release from custody. See Northington v. U.S. Parole Comm'n, 587 F.2d 2, 3 (6th Cir. 1978). Moreover, as the District Court explained, Smith was not entitled to habeas relief because he did not establish prejudice stemming from the Commission's brief delay in holding a revocation hearing. See, e.g., Villarreal v. U.S. Parole Comm'n, 985 F.2d 835, 837 (5th Cir. 1993); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Goodman v. Keohane, 663 F.2d 1044,1046 (11th Cir. 1981). Smith did not allege that the delay

---

[1] The District Court correctly construed Smith's petition for a writ of audita querela as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988) (stating that a "challenge to the Parole Commission's execution of a sentence is properly raised in a habeas corpus petition under [] § 2241.").
[2] This provision has been repealed but remains in effect as to an individual, like Smith,

3

was prejudicial. And for the reason given by the District Court—that the Commission revoked Smith's parole because he was convicted of robbing a bank while on parole from an earlier bank-robbery conviction—the delay did not prejudice Smith at the revocation hearing.

Accordingly, we will affirm the judgment of the District Court.[3]

---

who committed an offense before November 1, 1987.

[3] Smith's motion for leave to file a supplemental brief is denied.