# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 23-2331

UNITED STATES OF AMERICA

v.

BRIAN PHELPS, A/K/A B-MONEY, A/K/A B,
Appellant

———————————————

Appeal from the U.S. District Court, D.N.J.
Judge Georgette Castner, No. 3:19-cr-00134-005

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*
Submitted Jun. 10, 2026; Decided Jun. 11, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.  Defendant Brian Phelps pleaded guilty to two drug-distribution charges and a violation of 18 U.S.C. § 922(g)(1).  His arguments on appeal relate to several aspects of his within-Guidelines sentence.  None of them merits reversal.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.  Defendant pleaded guilty to heroin distribution, participating in a heroin-distribution conspiracy, and illegally possessing ammunition as a convicted felon.  *See* 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 922(g)(1).  In a written plea agreement, Defendant waived his right to appeal any "sentence imposed . . . within the range of 48 and 120

———————————————

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

months' imprisonment." A13. The agreement contained a carveout from that waiver, which permits Defendant to appeal the "determination of the criminal history category." A13. The District Court sentenced Defendant principally to 108 months' imprisonment. Defendant timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review in addressing the legal issues that are dispositive of this appeal, including when applying the appellate waiver. *See United States v. Damon*, 933 F.3d 269, 272 n.1 (3d Cir. 2019).[1]

## III.

Defendant presents four unavailing arguments on appeal.

First, Defendant challenges the application of the career-offender enhancement. *See* U.S.S.G. § 4B1.1. He acknowledges that his argument is foreclosed by *United States v. Lewis*, 58 F.4th 764 (3d Cir. 2023). We recognize that Defendant presented this argument for preservation purposes. But the appellate waiver in his plea agreement, which he entered knowingly and voluntarily in connection with a thorough Rule 11 allocution, did not leave him much to preserve. The District Court applied the career-offender enhancement to increase Defendant's Offense Level. *See* U.S.S.G. § 4B1.1(b). The appellate waiver does not permit him to challenge that increase here. The waiver does allow Defendant to challenge the calculation of the Criminal History Category. The District Court correctly

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

pointed out, however, that Defendant's criminal record placed him in Criminal History Category VI "regardless" of U.S.S.G. § 4B1.1. A231-32. Thus, not much of a career-offender challenge, if any, appears to have been preserved in the event *Lewis* is revisited.

Second, Defendant argues that his sentence was procedurally and substantively unreasonable. These arguments are plainly barred by the appellate waiver, which we will enforce based on the government's request and because enforcement would not result in a miscarriage of justice. *See United States v. Wilson*, 429 F.3d 455, 457-58 (3d Cir. 2005).

Third, Defendant challenges the computation of his sentence by the Bureau of Prisons. This argument does not relate to a final decision by the District Court. *See* 28 U.S.C. § 1291; 18 U.S.C. § 3742(a). The appropriate procedure for presenting this claim is a § 2241 habeas petition rather than on direct appeal. *See United States v. Kennedy*, 851 F.2d 689, 690 (3d Cir. 1988).

Fourth, Defendant argues that his attorney provided constitutionally deficient representation in connection with sentencing. We do not typically address *Strickland* claims on direct appeal, and we decline to do so here. *See United States v. Senke*, 986 F.3d 300, 315 (3d Cir. 2021).

Accordingly, we will affirm the District Court's judgment.